IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00006-GPG

AUSTIN RAY,

    Applicant,

v.

WARDEN DEBORAH DENHAM, and
UNITED STATES MARSHAL SERVICE,

    Respondents.

## ORDER OF DISMISSAL

Applicant Austin Ray initiated this action on January 4, 2016, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action.  On January 5, 2016, Magistrate Judge Gordon P. Gallagher granted Applicant leave to proceed pursuant to § 1915.

Applicant asserts that he is challenging the denial of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution because he was removed from the State of Colorado "pre-parole conditional supervision program." Application, ECF No. 1, at 2-4.  Applicant further asserts that he is challenging a violation of the Interstate Agreement on Detainers (IAD) and the lack of subject matter jurisdiction and personal jurisdiction due to Defendant's failure to comply with the IAD.  *Id.* at 5. Applicant contends that he has exhausted available remedies, with respect to claims one

and two, because "all issues related to [these matters] have been addressed at the District Court level, and finalized."  *Id.*

Applicant concedes that in *Ray v. Denham*, No. 15-cv-01012-LTB (D. Colo. July 7, 2015), he raised the same claims that he is raising in this action.   ECF No. 1 at 19. Case No. 15-cv-01012-LTB was dismissed by this Court because Applicant had raised the same claims in a motion to dismiss in Case No. 14-cr-00147-MSK-2.   Case No. 15-cv-01012-LTB at ECF No. 13.   Applicant appealed the dismissal in Case No. 15-cv-01012.   *Id.* at 17.   The Tenth Circuit affirmed the dismissal, *see Ray v. Denham*, No. 15-1252 (10th Cir. Dec. 18, 2015), and relying on *Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014), *Hall v. Pratt*, 97 F. App'x 246, 247-48 (10th Cir. 2004), and *Chandler v. Pratt*, 96 F. App'x 661, 662 (10th Cir. 2004), found that Applicant more properly should challenge and exhaust the claims in Case No. 14-cr-00147-MSK-2.

In *Thompson*, the Tenth Circuit found that claims relating to an applicant's pending federal case, as is the situation with Applicant, must be exhausted before the presiding judge or on appeal after conviction.   *Thompson*, 565 F. App'x at 739 (citing *Whitmer v. Levi*, 276 F. App'x 217, 218 (3d Cir. 2008)).   Applicant filed a motion to dismiss in Case No. 14-cr-00147-MSK-2 that raised the same claims he is raising in this action.   *See* No. 14-cr-00147-MSK-2 at ECF No. 170.   The trial court denied the motion on the merits. *Id.* at ECF No. 234.   Applicant's relief from the trial court's denial is not in a § 2241 action, but in an appeal to the Tenth Circuit.   *Thompson*, 565 F. App'x at 739.   This action, therefore, will be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status will be denied for the purpose of appeal.   See Coppedge v. United States, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that for the reasons stated above the Application is denied and the action is dismissed without prejudice.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   26th   day of   February  , 2016.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court